## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 24 2016, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Allen Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 24, 2016 <br><br> Court of Appeals Case No. 27A02-1510-CR-1842 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Warren Haas, Judge <br><br> Trial Court Cause No. 27D03-1311-FD-499 and 27D03-1408-F6-32 |

**Altice, Judge.**

**Case Summary**

[1]     While on probation for his fifth and sixth operating while intoxicated (OWI) convictions, Mark Allen Smith violated the terms of his probation by consuming alcohol and breaking his curfew. As a result of these violations, which Smith admitted, the trial court ordered Smith to serve the remainder of his sentences in the Department of Correction (DOC). On appeal, Smith argues that the trial court abused its discretion.

[2]     We affirm.

## Facts & Procedural History

[3]     On November 19, 2013, Smith operated a vehicle while intoxicated with his four-year-old son in the back seat. Blood results showed he was driving with a combination of prescription drugs, marijuana, and alcohol in his blood stream. At the time of this offense, Smith was on probation under cause 27D03-1309-CM-137 (CM-137) for his fourth OWI conviction.

[4]     The State charged Smith with Class D felony neglect of a dependent and Class D felony OWI while endangering a life under cause 27D03-1311-FD-499 (FD-499). The State also filed a habitual offender allegation. On July 15, 2014, Smith pled guilty to the two Class D felonies under FD-499 and admitted violating probation for a second time in CM-137.[1] In exchange, the State dismissed the habitual offender allegation and agreed to recommend a specific

---

[1] On October 18, 2013, Smith admitted his first probation violation in CM-137. As a result, a curfew was imposed on him and he was ordered to attend two AA/NA meetings per week.

sentencing scheme, which the trial court approved. Accordingly, for the probation violation, Smith was ordered to serve 50 days executed, which was ordered to be served consecutive to the sentence under FD-499. With respect to the two Class D felonies, Smith was sentenced to concurrent 3-year terms of incarceration with 667 days suspended to probation.

[5] Shortly after being placed on probation, Smith committed another OWI offense, charged under 27D03-1408-F6-32 (F6-32). In FD-499, the State filed a petition to revoke on August 14, 2014. Smith entered into another plea agreement on September 30, 2014. In exchange for his admitted probation violation in FD-499 and his guilty plea to a Level 6 felony OWI in F6-32, infractions were dismissed and Smith was sentenced as follows: 1) FD-499 probation violation – 78 days executed and the remaining 589 days suspended to probation and 2) F6-32 – 912 days incarceration with 10 of those days executed and 902 days suspended to probation.

[6] On February 26, 2015, the State filed petitions for revocation of probation in FD-499 and F6-32. Smith subsequently admitted that he violated probation on February 17, 2015, by consuming alcohol and violating curfew.[2] At the conclusion of the dispositional hearing on September 30, 2015, the trial court

---

[2] Smith was required to be in his residence between 10:00 p.m. and 6:00 a.m. each evening. He admitted spending the night at another residence without obtaining approval from his probation officer.

ordered Smith to serve the balance of his remaining sentences under FD-499 and F6-32 in the DOC – 157 days and 902 days, respectively.

## Discussion & Decision

[7] On appeal, Smith argues that the trial court abused its discretion when sanctioning him. He attempts to offer justifications for his most recent probation violations and describes them as merely "technical violations". *Appellant's Brief* at 6. Smith asks that we reverse and remand with instructions for the trial court to return him to probation.

[8] Probation is a matter of grace and a conditional liberty that is a favor, not a right. *State v. Vanderkolk*, 32 N.E.3d 775, 777 (Ind. 2015). Once a trial court has exercised its grace in this regard, it has considerable leeway in deciding how to proceed when the conditions of placement are violated. *See Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Id.* We will find an abuse of discretion only where the decision is clearly against the logic and effect of the facts and circumstances. *See id.*

[9] In its lengthy written Judgment Imposing Sanctions, the trial court detailed Smith's extensive criminal history and noted that "numerous efforts have been made to encourage him to behave lawfully, without success". *Appellant's Appendix* at 29. Indeed, over the years Smith has amassed six OWI convictions, three additional convictions (two Class D felonies and one Class A misdemeanor), and several probation violations. He has been granted leniency

time and again but has continued to violate the law and/or the conditions of his probation. The trial court indicated at the conclusion of its order that "Defendant is always polite and articulate when in Court. Unfortunately, his behavior out of Court has been an ongoing problem." *Id.* at 30.

[10] The trial court's decision to deny Smith yet another chance is amply supported by the record and, thus, not clearly against the logic and effect of the facts and circumstances. The trial court was well within its discretion when it ordered the balance of Smith's sentences executed.

[11] Judgment affirmed.

[12] Bailey, J. and Bradford, J., concur.